IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KELLY RATZLAFF, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-18-477-D |
| BOARD OF COUNTY COMMISSIONERS OF CADDO COUNTY, OKLAHOMA, *et al.*, | ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Defendant Board of County Commissioners of Caddo County's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 15], filed pursuant Fed. R. Civ. P. 12(b)(6). The sole issue raised by the Motion is whether the Board of County Commissioners is a proper party in this action under 42 U.S.C. § 1983, in which Plaintiff claims that Defendant Edward Whitworth, the county assessor, terminated her employment in retaliation for an exercise of First Amendment rights. Plaintiff has filed a response [Doc. No. 16] in opposition to the Motion, and the Board has replied [Doc. No. 17]. Thus, the Motion is fully briefed and at issue.

**Factual and Procedural Background**

Plaintiff brings suit under § 1983 to recover damages for her alleged wrongful discharge from county employment in violation of the First Amendment. Plaintiff alleges that she was employed as a deputy assessor for Caddo County from May 2011 until April 2018, when Defendant Whitworth terminated her employment immediately after she made

a filing with the county election board to run against him as a candidate for the office of Caddo County Assessor, which he held (and still holds). Plaintiff alleges that she was satisfactorily performing her job and there was no legitimate reason to discharge her. She also alleges Defendant Whitworth was a Caddo County official with final policymaking authority over her employment. *See* First Am. Compl. [Doc. No. 11] ¶ 16.

The First Amended Complaint states facts to show that Defendants knew the termination of Plaintiff's employment in retaliation for campaign activities violated the First Amendment.[1] These facts include allegations that Defendant Whitworth had been discharged by the previous county assessor for similar reasons, brought a federal lawsuit, and obtained injunctive relief prohibiting the conduct. *See Blackburn v. Crumm*, Case No. CIV-91-10-A, Order (W.D. Okla. June 5, 1991). Plaintiff also alleges that Defendant Whitworth had previously discharged another deputy assessor for supporting his opponent in an election for the office of county assessor. Plaintiff alleges that these facts show that "Caddo County has adopted a pattern, practice, or custom of discharging subordinates who run for political office, engage in the freedom of speech, or exercise their right of political association." *See* First Am. Compl. ¶ 23.

Plaintiff does not contend the Board of County Commissioners or any of its members played a direct role in her termination. She does allege, however, that the Board has "statutory and supervisory responsibilities over all Caddo County officers and

---

[1] The Board responded to Plaintiff's original Complaint by moving for dismissal under Rule 12(b)(6), and Plaintiff responded to the Board's motion by amending her pleading as a matter of right under Rule 15(a)(1)(B). Defendant Whitworth answered and, in his individual capacity, asserted a defense of qualified immunity.

employees, including [Defendant] Whitworth and [Plaintiff]" and that it is responsible for "developing personnel policies for the Caddo County," appropriating funds for employees' salaries and training, and entertaining complaints or grievances of county employees that cannot be resolved within their departments. *Id*. ¶¶ 24-27. Plaintiff claims "the Board has failed to properly train, supervise, or discipline county officers or employees to protect Caddo County employees' constitutional rights . . . [d]espite having direct knowledge that Caddo County employees' First Amendment rights are at risk when Deputies support candidates other than their elected Officer." *Id.* ¶¶ 28-29. According to Plaintiff, "[b]ecause of the Board's failures, [she] was discharge[d] in violation of her constitutional rights." *Id*. ¶ 30.

**The Board's Motion**

The Board seeks dismissal on the ground "it is not the proper party to Plaintiff's claim" or lawsuit. *See* Mot. Dismiss at 1, 3. It asserts that Defendant Whitworth in his official capacity is the proper party to be sued and, because Plaintiff has included him in this action, the Board is unnecessary and should be dismissed. The Board further argues that the county assessor is an elected official with independent control over deputy assessors like Plaintiff, and that the Board has no authority over the county assessor's actions with regard to personnel matters in his office. The Board contends Plaintiff does not state a § 1983 claim against it because the First Amended Complaint contains "no sufficient allegation that the Board itself was involved in the Assessor's decision to terminate Plaintiff, nor that the Assessor delegated any policy-making authority to the Board with regard to the operation of the Assessor's office or to the actions of the

3

Assessor's Office; nor is there any sufficient allegation otherwise affirmatively linking the Board to Plaintiff's allegations herein." *Id*. at 6. In the Board's view, without factual allegations that permit "a plausible inference of the Board's direct involvement in the hiring, training, or discipline of the deputies working for the county assessor, the Board is not a proper party in a suit under § 1983." *See* Reply Br. at 5.

### Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679; *see also Robbins*, 519 F.3d at 1248. It is particularly important in § 1983 cases for a complaint "to provide each [defendant] with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249-50 (emphasis omitted); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

When the defendant is a governmental entity, "the longstanding interpretation of § 1983's standards for imposing municipal liability" under *Monell v. Department of Social Services*, 436 U.S. 658, 691-92, 694 (1978), requires "that a plaintiff must identify a

government's policy or custom that caused the injury" and "show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (internal quotations omitted) (citing *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997), and *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). An official policy for § 1983 liability purposes may be "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Id*. at 770; *see Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). "To establish the causation element, the challenged policy or practice must be closely related to the violation of the plaintiff's federally protected right." *Schneider*, 717 F.3d at 770 (internal quotation omitted).

## Discussion

Plaintiff asserts that the Board of County Commissioners is a proper defendant for her § 1983 retaliatory discharge action under two legal theories. First, although Defendant Whitworth was the decisionmaker who terminated her county employment, Oklahoma law by statute "requires that all suits prosecuted by or against a county be prosecuted in the name of the board of county commissioners of the county of interest." *Green Constr. Co. v. Okla. Cty.*, 50 P.2d 625, 627 (Okla. 1935); *see* Okla. Stat. tit. 19, § 4. Second, the Board allegedly maintained a policy of failing to train and supervise county officers and employees with respect to First Amendment rights and so allowed retaliatory discharges like hers to occur.

## I. Plaintiff's § 1983 Action Based on Defendant Whitworth's Conduct

The Board does not disagree with Plaintiff's position that Defendant Whitworth, as an elected county officer with final policymaking authority over personnel matters within his office, may create an official policy and be the "moving force" behind the alleged constitutional violation sufficient to impose § 1983 liability on Caddo County. *See Schneider*, 627 F.3d at 770; *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1319 (10th Cir. 1998). The Board instead asserts that an official-capacity suit against Defendant Whitworth is the proper means to assert this claim. *See* Mot. Dismiss at 1, 3; Reply Br. at 5. The Board does not address the Oklahoma statute or caselaw holding that a suit against a county must be brought against its board of county commissioners.

An official capacity suit is "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation omitted); *accord Hafer v. Melo*, 502 U.S. 21, 25 (1991). It "is, in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Graham*, 473 U.S. at 166; *see Myers*, 151 F.3d at 1316 & n.2); *Johnson v. Bd. of Cty. Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996). In other words, bringing a suit against a county officer in his official capacity "is the same as bringing a suit against the county." *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009).

In this case, by admitting that an official-capacity suit against Defendant Whitworth is appropriate, the Board concedes that Plaintiff has stated a § 1983 claim against Caddo County. Rule 17(b)(3) of the Federal Rules of Civil Procedure provides that a party's capacity to sue or be sued is determined "by the law of the state where the court is located."

Accordingly, Oklahoma law determines the proper defendant for Plaintiff's suit against Caddo County. The right to sue a county in Oklahoma "is purely statutory, and the mode prescribed by statute for prosecuting such action must be strictly followed." *See Muskogee Cty. v. Lanning & McRoberts*, 151 P. 1054 (Okla. 1915) (syllabus by the court); *Smith v. State*, 166 P. 463 (Okla. Crim. App. 1917) (same). The statutory means of naming a county as a defendant is found in Title 19, Section 4, of the Oklahoma Statutes, which specifically provides: "In all suits . . . against a county, the name in which a county shall . . . be sued shall be, 'Board of County Commissioners of the County of _____.'"[2] The Oklahoma Supreme Court has held that "[t]his statute is mandatory and requires that all suits prosecuted by or against a county be prosecuted in the name of the board of county commissioners of the county of interest." *Green Constr. Co.*, 50 P.2d at 627.

Therefore, the Court finds that Plaintiff's suit against the Board, as the entity responsible to answer on behalf of Caddo County, is proper and should not be dismissed. The Court acknowledges some uncertainty created by a case cited by the Board in which the Tenth Circuit approved an individual-capacity suit against a county sheriff based on his termination of a jailer and deputies who had supported a political opponent, but affirmed a grant of summary judgment to the board of county commissioners. *See Jantzen v. Bd. of Cty. Commr's*, 188 F.3d 1247, 1259 (10th Cir. 1999) (denying summary judgment on plaintiffs' "First Amendment association claim against Hawkins," the sheriff, who was not

---

[2] Further, Section 5 provides: "In all legal proceedings against the county, process shall be is served on the county clerk as the clerk of the board of county commissioners . . . ."

entitled to qualified immunity).³ As the Court understands the court of appeals' decision, the court ruled in favor of the board of county commissioners because it found no evidence of a county policy of firing employees based on their political associations or campaign activities; the evidence did not show the sheriff was acting as an official policymaker or at the direction of the board when he fired subordinate employees for his own political reasons. *Id.*

As correctly argued by Plaintiff, the undersigned and other federal district judges in Oklahoma have determined that suing the board of county commissioners of an Oklahoma county is the proper means to bring a § 1983 suit against the county if a plausible claim of county liability is stated. *See*, *e.g.*, *Woodson v. Okla. State Dep.'t of Health*, Case No. CIV-06-546-D, 2009 WL 1444525, *3-4 (W.D. Okla. May 20, 2009); *Dungee v. Bd. of Cty. Comm'rs*, Case No. CIV-14-232-D, 2014 WL 1878762, *2 (W.D. Okla. May 12, 2014); *Chichakli v. Samuels*, Case No. CIV-15-687-D, 2016 WL 2743542, *3-4 (W.D. Okla. May 11, 2016); *Snow v. Bd. of Cty. Comm'rs*, Case No. CIV-14-911-HE, 2014 WL 7335319, *2 (W.D. Okla. Dec. 19, 2014); *Flowers v. Garvin Cty. Bd. of Cty. Comm'rs*, Case No. CIV-15-396-C, 2016 WL 3079286, *4-5 (W.D. Okla. May 3, 2016) (R&R), *adopted*, 2016 WL 3080922 (W.D. Okla. May 31, 2016); *DuBois v. Bd. of Cty. Comm'rs*,

---

³ Other cases on which the Board relies are inapposite or not controlling. The Board cites a portion of another Tenth Circuit case, *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988), *abrogated by Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), that addressed individual-capacity claims against three county commissioners under a theory of supervisory liability. Further, although the district judge in *Goss v. Bd. of Cty. Comm'rs*, No. 13-CV-374-CVE-TLW, 2014 WL 4983856, *6 (N.D. Okla. Oct. 6, 2014), accepted the argument made by the Board in this case, the Tenth Circuit did not reach this issue on appeal because no basis for county liability was found. *See Goss v. Bd. of Cty. Comm'rs*, 645 F. App'x 785, 795 (10th Cir. 2016).

No. 12-CV-677-JED-PJC, 2014 WL 4810332, *8 (N.D. Okla. Sept. 29, 2014). The Tenth Circuit, in an unpublished decision, seems to agree with this position. *See Layton v. Bd. of Cty. Comm'rs*, 512 F. App'x 861, 871 (10th Cir. 2013) ("The County [sued through its board of county commissioners] may also be liable on the basis that Sheriff Whetsel is a final policymaker with regard to its jail, such that his actions may fairly be said to be those of the municipality.") (internal quotation omitted). The Court adheres to its previous view in this case.[4]

## II. Plaintiff's § 1983 Claim Based on Inadequate Training

Plaintiff's second theory of liability for an action against the Board rests on its alleged failure to properly train and supervise county officers and employees, which allegedly caused her retaliatory termination by Defendant Whitworth. Plaintiff relies on case law such as *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), which held that inadequate training of employees may result in municipal liability "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *See* Pl.'s Resp. Br. at 12. "A municipality can be liable where 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be

---

[4] Notably, other attorneys in the same law firm that represents Caddo County in this case, have acknowledged in another case before this Court that a board of county commissioners is the proper defendant for a § 1983 suit against a county. *See*, *e.g.*, *Reed v. Bd. Cty. Comm'rs*, Case No. CIV-18-1257-D, Answer, ¶ 2 (W.D. Okla. Dec. 27, 2018) (admission by Board of County Commissioners of Grady County that "it may sue or be sued by name as alleged"), and Mot. Dismiss, at 3-4 (arguing Grady County Sheriff's Office is not a proper entity to be sued; the proper "mode for naming a county as a defendant is found at Okla. Stat. tit. 19, § 4").

said to have been deliberately indifferent to the need.'" *Schneider*, 717 F.3d at 773 (quoting *City of Canton*, 489 U.S. at 390). In addition to identifying a specific deficiency in training or supervision, a plaintiff must show "a direct causal link" between the deficiency and his injury; "the identified deficiency in a city's training program must be closely related to the ultimate injury, so that it actually caused the constitutional violation." *See Carr v. Castle*, 337 F.3d 1221, 1231 (10th Cir. 2003) (internal quotation omitted).

Upon consideration of Plaintiff's failure-to-train theory of liability, the Court finds in the First Amended Complaint only conclusory allegations that the Board inadequately trained and supervised county officers and employees and so caused Defendant Whitworth to violate Plaintiff's First Amendment rights. The alleged facts address only Defendant Whitworth's actions with regard to the operation of his office, similar actions by a predecessor, and the Board's general responsibilities for county personnel and funding matters. Nothing suggests any responsibility or control of the Board over Defendant Whitworth or, more importantly, his alleged policy of retaliating against subordinate employees who supported another political candidate for office. Under Oklahoma law, the duties and powers of elected officials are determined by statute, and a board of county commissioners "has no statutory duty to hire, train, supervise, or discipline county sheriffs [as elected officers] or [their] deputies." *See Estate of Crowell ex rel. Boen v. Bd. of Cty. Comm'rs*, 237 P.3d 134, 142 (Okla. 2010); *Meade*, 841 F.2d at 1528. Thus, any lack of training of Defendant Whitworth regarding the First Amendment rights of his employees was neither a failure of the Board of County Commissioners nor a direct cause of any violation of Plaintiff's constitutional rights.

In summary, no deficiency in county training or supervision can be discerned from the alleged facts, and no causal connection between such a policy and Defendant Whitworth's termination of Plaintiff's employment is apparent. These omissions are fatal to any § 1983 claim against Caddo County, sued through the Board, under Plaintiff's failure-to-train theory of liability.

### III. Leave to Amend

Plaintiff requests through argument in her brief permission to further amend her pleading if any deficiency is found. Plaintiff does not suggest any additional facts that might be included at this stage of the case, nor has she filed a motion to amend as required by Fed. R. Civ. P. 15(a)(2) and LCvR15.1. Because the case will proceed against the Board, a scheduling order will be entered, and a deadline for motions to amend pleadings will be set. Accordingly, the Court finds that Plaintiff's failure-to-train claim against the Board should be dismissed without prejudice to a future filing of a timely motion to amend the First Amended Complaint.

### Conclusion

The First Amended Complaint states a § 1983 claim against Caddo County, properly sued through its the Board of County Commissioners, based on Defendant Whitworth's alleged official action of terminating Plaintiff's employment in retaliation for her exercise of First Amendment rights. However, the First Amended Complaint fails to state a plausible § 1983 claim based on a failure of the Board of County Commissioners to properly train or supervise county officers and employees.

IT IS THEREFORE ORDERED that Defendant Board of County Commissioners of Caddo County's Motion to Dismiss [Doc. No. 15] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 11th day of February, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE